Henry J. BENNETT, Jr.

v.

**CITY OF SLIDELL et al.**

**Civ. A. No. 76–977.**

United States District Court,
E. D. Louisiana.

April 3, 1981.

Oestreicher & Whalen, David W. Oestreicher, II, New Orleans, La., for plaintiff.

Edmund W. Golden and Lawrence D. Wiedemann, Wiedemann & Fransen, New Orleans, La., for defendants Hinton, McDaniel, Cusimano, Giordano, Berrigan and Ingram.

Lloyd R. Walters, Slidell, La., for defendant City of Slidell.

ARCENEAUX, District Judge.

This Section 1983 action arose from plaintiff's claim that he suffered a deprivation of his constitutional rights to due process and equal protection. This deprivation allegedly arose as a result of the denial, by the Slidell City Council and city officials, of both plaintiff's application for a liquor license and his request for an occupancy permit. Plaintiff also alleged that the defendants had conspired to deny his permit application.

At the trial by jury, the City of Slidell, Gerry Hinton, B. E. McDaniel, Nunzio Giordano and Patrick Berrigan were found liable to the plaintiff. The two remaining defendants, Frank Cusimano and Keith Ingram, were found not liable. The jury also

found that no conspiracy existed among the defendants.

Subsequent to trial, defendant the City of Slidell moved that this Court grant its motion for directed verdict or, in the alternative, grant it a new trial. The remaining defendants found liable to plaintiff moved for a judgment notwithstanding the verdict, or alternatively, for a new trial and/or remittitur. Counsel for plaintiff has also moved the Court for an award of attorney's fees.

After carefully reviewing the testimony and all memoranda of law, IT IS ORDERED that:

1. The City of Slidell's motion for directed verdict, or alternatively for a new trial, is DENIED.

2. The motion for judgment notwithstanding the verdict, or alternatively, for a new trial and/or remittitur filed by the remaining defendants found liable to plaintiff is also DENIED.

3. Plaintiff's motion for attorney's fees is referred for hearing to the magistrate in accordance with Rule 53(b). The magistrate will make Findings and Recommendations to this Court, with due attention to those factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

### LAW

The City of Slidell alleges several alternative grounds as bases for its motion. The only ground which the Court will address is the allegation that the Court erred in failing to instruct the jury that the City of Slidell could be found liable *only* should plaintiff prove that action pursuant to official municipal policy caused the alleged civil rights violation. This instruction would arise, the City contends, under the holding of *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

This landmark decision holds that a municipality may be considered a "person" for § 1983 purposes, provided that the complained-of violation arose from the implementation or execution of a policy statement, ordinance, regulation or decision officially adopted and promulgated by the municipality's officers. The case goes on to state that:

Local governments, like every other § 1983 "person", by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels .... It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monell, supra* 98 S.Ct. at 2036, 2038.

There was uncontradicted testimony from several witnesses indicating that the occupancy license requirement of a paved parking area was enforced only upon receipt of a complaint that no such parking existed. This testimony established to this Court's satisfaction that local law was unequally applied pursuant to municipal "custom or usage". Additionally, there was also testimony to the effect that the decisions of Permit Officer Dugas to issue or deny occupancy permits were never questioned by the City Council members. The denial, then, of plaintiff's occupancy permit, occurred pursuant to acts which "may fairly be said to represent official policy."

The City also alleged error as a result of this Court's failure to instruct the jury on the City's non-liability under a *respondeat superior* theory. It is the opinion of this Court that liability premised on this legal theory was not the basis of plaintiff's case against the City. To put it another way, plaintiff's case against the City was not based on allegations that the municipality employed a tort-feasor.

This Court considered the City's claim of prescription during the trial of this matter, and will not address it here.

The motion presented by the five remaining defendants does not persuade this Court that a judgment notwithstanding the verdict, a new trial or a remittitur are in order. *Procunier v. Navaretta*, 434 U.S. 555, 561, 98 S.Ct. 855, 859, 55 L.Ed.2d 24, relied upon by the defendants as the basis for their claim to "absolute" immunity is inapposite, inasmuch as it speaks to "qualified" immunity only. *Butz v. Economu*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) speaks to an adversarial setting within a federal agency and is thus distinguishable, as are *Hamm v. Yeatts*, 479 F.Supp. 267 (W.D.Va. 1979) (members of State Alcoholic Beverage Control Commission considered to perform function similar to judge's, in the course of on-the-record hearings) and *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974) (officers of the executive branch are to receive qualified immunity for acts of official conduct).

Judgment will be entered accordingly.